United States District Court
Southern District of Texas

**ENTERED**

March 05, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LEAH RENE HAGEN, | § | |
| BOP # 58673-177, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-5152 |
| | § | |
| WARDEN TANISHA HALL, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Leah Rene Hagen, an inmate in the Bureau of Prisons (BOP), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1; Dkt. 5). The respondent filed a motion for summary judgment (Dkt. 13), and Hagen responded (Dkt. 14; Dkt. 15). After reviewing the pleadings, the briefing and evidence submitted, the applicable law, and all matters of record, the Court concludes that the respondent's motion for summary judgment should be **granted** and that Hagen's claims should be **dismissed** with prejudice. The Court's reasons are explained below.

I.      **BACKGROUND**

Hagen is incarcerated at FPC-Bryan. On December 15, 2021, she was convicted on two counts: conspiracy to defraud the United States and to pay and receive health care kickbacks; and conspiracy to commit money laundering. The court sentenced Hagen to 151 months in the BOP with a 6-year term of supervised release. *See United States v. Hagen*, Criminal Action No. 3:19-cr-146 (N.D. Tex. Dec. 15, 2021); Dkt. 13-1, at 23-30).

1 / 7

On July 11, 2024, the court granted her a reduction of sentence from 151 months to 121 months pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 13-1, at 31-32).  Currently, her projected release date is July 14, 2029.  *See* Inmate Locator, Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited Mar. 3, 2026)

Hagen filed a habeas petition (Dkt. 1) in this Court, followed by an amended petition (Dkt. 5) raising the same grounds for relief.  She alleges that the BOP is miscalculating credits to her sentence under the First Step Act and that she was entitled to placement in a halfway house or home confinement in 2025.  *See* Dkt. 5, at 7 (claiming that based on all of her "earned and unearned" credits, she is entitled to release to a halfway house or home confinement in 2025); *id.* at 6 (relying on "earned and unearned" credits that she "is to receive over the length of her sentence"); Dkt. 1, at 1 (stating that she challenges her "level of custody" and not the length of her sentence); *id.* at 14 (alleging that "unearned [First Step Act] credits" were "not calculated" by the BOP). She alleges that she is entitled to habeas relief under the First Step Act, the Second Chance Act, and federal regulations.

Warden Hall filed a motion for summary judgment and argues that Hagen has failed to show any error in the calculation of credits to her sentence.  She attaches a declaration from Tanya Smith, Case Management Coordinator at FPC-Bryan, prepared after review of Hagen's records (Dkt. 13-1, at 1-22).  Smith sets out the material facts, including the credits Hagen had earned based on participation in Evidence-Based Recidivism Reduction (EBRR) programming and Productive Activities (PAs), through the date of her declaration on June 9, 2025:

10. Inmate Hagen arrived at FPC Bryan on January 13, 2022. *See* Attachment 3. FPC Bryan was inmate Hagen's first designated BOP facility. *Id.*

11. I have reviewed inmate Hagen's most recent FSA Time Credit Assessment. Since inmate Hagen was incarcerated, she has successfully participated in a total of 1175 programming days. *See* Attachment 1.

12. Between January 13, 2022, and August 9, 2022, Inmate Hagen was successfully participating in EBRR Programs or PAs. *See* Attachment 1. During this period, Inmate Hagen earned 10 time credits for every 30 day period. Id. Inmate Hagen earned 60 time credits. *Id.*

13. Between August 9, 2022, and April 2, 2025, Inmate Hagen was successfully participating in EBRR Programs or PAs. *See* Attachment 1. During this period, Inmate Hagen earned 15 time credits for every 30 day period. Id. Inmate Hagen earned 495 time credits. *Id.*

14. In total, Inmate Hagen has earned, as of the date of this assessment, 555 earned time credits. See Attachment 1. . . .

(Dkt. 13-1, at 4 (citing *id.* at 6-8 (Attachment 1, First Step Act Time Credit Assessment for Hagen); *id.* at 14-16 (Attachment 3, Inmate History for Hagen))). Smith then explains that, as required by relevant law, 365 of Hagen's 555 credits "are being directed towards effectuating an early release to supervised release" and that the remaining 190 credits "may be applied towards prerelease custody" (*id.* at 4 (citing 18 U.SC. § 3624(g)(3); 28 C.F.R. § 523.44(d)). She concludes that, based on Hagen's statutory release date of July 14, 2030, and after "taking First Step Act Time Credits into consideration" and "utiliz[ing] all available time credits for Inmate Hagen," her projected release date is July 14, 2029 (*id.* (citing *id.* at 9-13 (Attachment 2, Public Information Inmate Data for Hagen as of March 20, 2025))).

## II.   **<u>LEGAL STANDARDS</u>**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (cleaned up). However, the non-movant cannot avoid summary judgment simply by presenting "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (cleaned up); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (cleaned up). However, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Even a *pro se* plaintiff must specifically refer to evidence in the summary judgment record in order to place that evidence properly before the court. *Outley*

*v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 & n.9 (5th Cir. 2016); *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

## III.   ANALYSIS

Hagen challenges the calculation of time credits on her sentence and claims that she is entitled to a different level of custody, citing 18 U.S.C. § 3624(g) and other statutory provisions.[1]  Her argument rests on her claim that the respondent is required to apply "all earned and unearned" credits that she is to receive "over the length of her sentence" (Dkt. 5, at 6) (claiming that she is entitled to release to a halfway house or home confinement).

The First Step Act provides for programming and activities for inmates and, to incentivize inmates to participate in the program, provides that inmates can earn time credits (ETCs) to be applied to their sentence.  18 U.S.C. § 3632(d)(4). The statute also permits the BOP to release certain eligible prisoners to either home confinement or a residential re-entry center when the inmate's ETCs equal the remainder of their term of imprisonment.  18 U.S.C. § 3624(g)(1) & (g)(2).  For those inmates who have been sentenced to a term of supervised release after their term in the BOP, the BOP's director "may" apply time credits toward early release, but only in an amount "not to exceed 12 months."  18 U.S.C. § 3624(g)(3). The BOP director's decision to transfer an inmate to home confinement or a re-entry facility therefore is discretionary.  *Id*.

In this case, Hagen was sentenced to a 6-year term of supervised release. Smith explains in her declaration that the BOP has applied 365 time credits, or the maximum

---

[1]   The respondent does not assert that Hagen failed to exhaust her administrative remedies.

allowable amount, towards Hagen's early release to supervised release, thus arriving at a projected release date of July 14, 2029 (Dkt. 13-1, at 4). She further states that Hagen's remaining 190 time credits may be applied towards pre-release custody (*id*.). The respondent argues that Hagen has not shown any error in the calculation of her time credits and that, because she has fewer ETCs (555) than the days remaining on her sentence,[2] she currently is ineligible to use her ETCs towards prerelease custody or transfer to supervised release (Dkt. 13, at 10, 12). Moreover, the respondent argues, Hagen's challenge to the BOP's determination of her placement is not cognizable in a habeas action (*id*. at 13-16 (citing, *inter alia*, 18 U.S.C. § 3621(b), 18 U.S.C. § 3624(c)).

Hagen's summary judgment response does not directly challenge the respondent's calculations of her credits or other arguments in the summary-judgment motion. Rather, she asserts without citation that she is entitled to relief because the respondent has failed to calculate her release date using both earned and unearned credits and has failed to "stack" her First Step Act credits with Second Chance Act credits. She cites no authority to support her assertion that habeas relief is available on either basis. [3]

---

[2]     As of the date of this opinion, Hagen has over 1500 days remaining before her statutory release date of July 14, 2030.

[3]     *See, e.g.*, Dkt. 14, at 3 ("Respondent only addresses petitioner[']s earned [credits] and projected release date from BOP custody which is not at issue. Petitioner asserts respondent has failed to calculate [credits] stacked with Second Chance Act in violation of the First Step Law" (citing Exhibit 4 to petition)); *see* Dkt. 1, at 14 (Exhibit 4 to petition contains calculations with the petitioner's notations asserting that BOP has failed to calculate her "unearned FSA credits"); *id.3* at 13 (Exhibit 4 contains the petitioner's assertion that the BOP calculations do not allow for the "'Maximum FTC credits' that can be earned over the length of the entire sentence per [First Step Act] law to get plaintiff who is a minimum risk recidivism inmate to halfway house sooner").

Hagen does not demonstrate a genuine issue of material fact as to any error in the calculation of credits to her sentence and does not otherwise demonstrate that she is entitled to habeas relief. Therefore, the respondent's motion for summary judgment will be granted.

## IV.    **CONCLUSION**

For the reasons stated above the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Dkt. 13) is **GRANTED**.

2. The petition for a writ of habeas corpus (Dkt. 1) filed by Leah Rene is **DISMISSED with prejudice**.

3. All other pending motions, if any, are **DENIED as moot**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ March 4 _____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE